■ EDYTHE R. KNOX, Respondent, v. JOHN B. KNOX, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ In the Matter of the Arbitration between CHARLES N. HALL, as President, Engineers Association, Respondent, and SPERRY GYROSCOPE COMPANY DIVISION OF SPERRY RAND CORP., Appellant.— Order unanimously reversed on the law, with $20 costs and disbursements, and respondent-appellant's motion for a stay of arbitration is granted. On April 21, 1958 the petitioner-respondent filed with the respondent-appellant a grievance in regard to its original employment of an engineering aide on or about April 2, 1958 despite the fact that engineering aides previously employed by it were available for recall. Petitioner-respondent's grievance alleges that the employment of the new engineering aide was in violation of article 8, sections B and C (2) of the agreement between the parties entered into as of March 15, 1958. Whether the sections of article 8 are applicable to the position involved in this dispute is not determinative. What is clear is that grievances as to Class I and certain of Class II positions are expressly excluded from the arbitration provisions of the agreement. The position in question falls within the excluded groups. Hence, an arbitration may not lie. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ In the Matter of 165 BROADWAY BUILDING, INC., Respondent, for Approval of a Plan of Reorganization. NEW YORK TRUST COMPANY, Appellant; 165 BROADWAY BUILDING FIRST MORTGAGE BONDHOLDERS' COMMITTEE et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent on the facts and on the law and in the exercise of discretion. It would have been proper for the Referee to receive expert testimony, if offered, as to (1) the highest price obtainable at a foreclosure sale, and (2) the maximum price obtainable for the premises in its present condition, on an all cash sale, in the open market, during the period required to process a foreclosure. Such proof was not essentially required from the appraiser appointed by the court but, if available, could have been tendered by the trustee or any other interested party. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ RONSON ART METAL WORKS, INC., Appellant, v. GIBSON LIGHTER MFG. CO. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. CO., et al., Respondents.— Order granting motion to cancel and discharge undertaking unanimously reversed on the law, and in the exercise of discretion, with $20 costs and disbursements to the plaintiff-appellant, and the motion denied, with $10 costs. While the origin of the first undertaking may have been in the application for a brief stay, the undertakings in sequence have nevertheless been to secure any money judgment which might be entered in favor of the plaintiff. Until it is finally resolved whether plaintiff is entitled to a money judgment, the undertaking has a function to perform. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.